UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR SANCHEZ-CALLE,<br><br>            Plaintiff,<br><br>    v.<br><br>WAGNER,<br><br>            Defendant.<br>_____/ | CASE NO. 1:09-cv-02095-GBC PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**I.     Screening Requirement**

Plaintiff Victor Sanchez-Calle is a former federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. This action was filed on November 11, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard

---

[1] Plaintiff brought this action, while incarcerated, as a petition for habeas corpus or relief pursuant to 42 U.S.C. § 1983. Since Plaintiff is currently out of custody and Defendant is a federal actor, this action will proceed under Bivens.

1

under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

**II.      Complaint Allegations**

The events alleged in the complaint occurred while Plaintiff was incarcerated at California City Correctional Institution.  At the time he was sentenced the pre-sentence report indicated that he had knee surgery in 1995, was having knee pain, and needed medical attention.  (Doc. 1, Comp., ¶ 4.2.)  Prior to his sentencing Plaintiff saw a specialist who indicated that he had damage to the bone in his knee that needed to be repaired.  (Id., ¶ 4.3.)

Plaintiff alleges that while incarcerated he consistently had knee pain and requested treatment.  The prison issued him shoes that were several sizes too big, requiring him to place his shower shoes inside of them so he could walk.  On or about August 25, 2009, medical staff informed him that he would be sent to an outside physician to have his knee evaluated and that he would be provided properly fitted shoes.  He did not receive treatment for his knee or properly fitted shoes.  (Id.)

On August 7, 2009, Plaintiff slipped on water on the gym floor.  An x-ray revealed that his fingers were broken and his hand was placed in a cast.  Plaintiff alleges he was told that he would be sent for outside treatment for his hand injury.  On September 22, 2009, Plaintiff received notice

from the medical department that the results of the hand x-ray did not indicate a need for further treatment of the injury. Plaintiff continued to request further treatment, but was denied because they were too busy to see him. (Id.) Plaintiff brings this action against Defendant Wagner, requesting immediate treatment of his knee and hand injury and any other relief to which he is entitled. (Id., § VI.)

### III.     Legal Standards

####    A.     Defendant Wagner

Plaintiff has brought this action naming Defendant Wagner, the warden of the correctional institution. Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. Iqbal, 129 S. Ct. at 1948. A supervisor may only be held liable for the actions of his subordinates if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S. Ct. at 1949-50; Moss, 572 F.3d at 969. In other words, to state a claim for relief, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff has failed to allege any affirmative act or omission taken by Defendant that demonstrates a violation of Plaintiff's federal rights, therefore he has failed to state a cognizable claim. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

####    B.     Eighth Amendment Medical Care

[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096

1  (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two part test for
2  deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating
3  that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary
4  and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately
5  indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991),
6  overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

7  Deliberate indifference is shown where there was "a purposeful act or failure to respond to
8  a prisoner's pain or possible medical need" and the indifference caused harm.  Jett, 439 F.3d at 1096.
9  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 291 F.3d 1051, 1060 (9th Cir.
10 2004).  The prison official must be aware of facts from which he could make an inference that "a
11 substantial risk of serious harm exists" and he must make the inference.  Farmer v. Brennan, 511
12 U.S. 825, 837 (1994).

13 A difference of opinion between a prisoner and prison medical authorities as to proper
14 treatment does not give rise to a claim.  Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981);
15 Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970).  Additionally, a difference of opinion
16 between medical providers regarding treatment does not amount to deliberate indifference.  Sanchez
17 v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  To state a claim under these conditions requires the
18 plaintiff "show that the course of treatment the doctors choose was medically unacceptable under
19 the circumstances, . . . and . . . they chose this course in conscious disregard of an excessive risk to
20 plaintiff's health."  Jackson v. McIntosh, 90 F.3d 330, 332 (1996).

21 An allegation by a prisoner that a physician has been merely indifferent, negligent, or
22 committed medical malpractice in diagnosing or treating a medical condition does not state a
23 constitutional claim.  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980); Toguchi,
24 391 F.3d at 1057.  "Medical malpractice does not become a constitutional violation merely because
25 the victim is a prisoner."  Estelle, 429 U.S. at 106.

26 **C.  Relief Requested**

27 In order for a pleading to state a claim for relief it must contain "a demand for the relief
28 sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P.

4

8(a)(3). In his claim for relief Plaintiff has requested the Court "order the Warden to immediately provide medical treatment for his knee and broken fingers, as well as provide properly fitted shoes." (Doc. 1, Comp. at § VI.) When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Since Plaintiff is out of custody, the injunctive relief he is seeking is moot. When amending the complaint, Plaintiff will need to set forth the relief sought.

## IV. Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed November 30, 2009, is dismissed for failure to state a claim upon which relief may be granted;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:     October 22, 2010

UNITED STATES MAGISTRATE JUDGE